Dear Judge McConduit:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask the following questions:
 1) Did the Governor's order regarding the suspension of prescription extend the six month period that a bonding company and/or insurance company has to surrender a defendant? If it did, must the court extend the six month period?
 2) Will the court have to allow the bonding company additional time to surrender the defendant or pay the entire amount of the bond on those cases that have collection dates after the interruption of prescription is lifted?
 3) What method, if any, will be required to notify the bonding company and insurance company if they are given an extension of time on the six month period?
 4) How does the mandatory evacuation order issued by Orleans Parish affect the collectability of those judgments of forfeiture that were pending when Hurricane Katrina struck?
With regard to your first question, the Governor's Executive Orders 32, 48, and 67, were issued pursuant to the Louisiana Homeland Security and Emergency Assistance and Disaster Act. This Act is found in La. R.S. 29:721 et seq. Section 722 describes the purpose of the Act, which includes detecting, preventing, preparing for, investigating, responding to, and recovering from emergencies and disasters of unprecedented size and destructiveness. The Legislature in Act No. 6 of the First *Page 2 
Extraordinary Session, 2005, ratified the Executive Orders and provided for retroactive application of this Act.
Act No. 6 comprises Louisiana Revised Statutes 9:2551 through 2565. According to Sections 2552 and 2553:
 § 2552. Suspension and extension of prescription and peremption; exceptions
 A. All prescriptions, including liberative, acquisitive, and the prescription of nonuse, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, — through January 3, 2006. This limited suspension and/or extension shall terminate on January 3, 2006, and any right, claim, or action which would have expired during the time period of August 26, 2005, through January 3, 2006, shall lapse on January 4, 2006.
 B. The provisions of Subsection A shall not apply to any matter concerning the prescription of nonuse applicable to mineral servitudes, mineral royalty interests, and executive rights and shall be governed by the Louisiana Mineral Code and are not subject to the suspension provisions in this Section.
 § 2553. Suspension of legal deadlines; extension of legal deadlines; contradictory hearing
 A. All deadlines in legal proceedings, which were suspended by Executive Orders KBB 2005-32, 48, and 67, shall be subject to a limited suspension and/or extension during the time period of November 25, 2005, through January 3, 2006; however, the suspension and/or extension of these deadlines shall be limited and shall apply only if these deadlines would have otherwise lapsed during the time period of November 25, 2005, through January 3, 2006. This limited suspension and/or extension shall terminate on January 3, 2006, and any deadline in legal proceedings *Page 3 
which would have expired during the time period of November 25, 2005, through January 3, 2006, shall lapse on January 4, 2006.
 B. Notwithstanding the provisions of Subsection A and to the extent that deadlines in legal proceedings were not suspended by Executive Orders KBB 2005-48 and 67, if a deadline in a legal proceeding lapsed during the time period of October 25, 2005, through November 25, 2005, a party shall have the right to seek an extension or suspension of that deadline by contradictory motion or declaratory judgment. The party seeking the extension shall bear the burden of proving that either the party or his attorney was adversely affected by Hurricane Katrina or Rita and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met. For good cause shown, the court shall extend the deadline in the legal proceeding, but in no instance shall the extension be later than January 3, 2006.
It appears that prescriptive and peremptive periods are subject to a limited suspension of time from August 26, 2005, to January 3, 2006, if these periods would have otherwise lapsed during this time.
Legal deadlines, which affect the bonding company's time to surrender a defendant, are dealt with in Section 2553. This statute allows for a suspension or extension from November 25, 2005 through January 3, 2006, if the deadline would have lapsed during that time. Also, with any deadline that was not suspended by Executive Orders 48 and 67, if the deadline lapsed during October 25, 2005, and November 25, 2005, the party has the right to seek the extension by contradictory motion or declaratory judgment. The party seeking the extension bears the burden of proving that the party or his attorney was adversely affected by Hurricane Katrina or Rita and that but for the hurricane the deadline would have been met.
Therefore, answer to your first question as well as your second question must be answered on a case-by-case basic in accordance with La. R.S. 9:2551, et seq.
With regard to your third and fourth questions, we know of no legislation that has been approved by the Legislature that has dealt with these issues. *Page 4 
We trust your questions have been sufficiently answered, however, if you should need anything further, do not hesitate to contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. Attorney General
 BY: _______________________________ FRANCES J. PITMAN Assistant Attorney General